UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCELLO OMAR COOPER, | ) | Case No. CV 13-2024 MMM (MRW) |
| Petitioner, | ) | |
| vs. | ) | ORDER DISMISSING ACTION |
| CALIFORNIA DISTRICT COURT, et al., | ) | |
| Respondent | ) | |

The Court vacates the reference of this action to the Magistrate Judge and summarily dismisses the action pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

\* \* \*

This is a state habeas action. Petitioner states that he was convicted of murder and robbery in the early 1990s. He received a sentence of 25 years to life in state prison for the offense. (Petition at 2.) Petitioner previously sought habeas review of the conviction in this Court. See Cooper v. Director of C.D.C., No. CV 01-2744 MMM (CT) (C.D. Cal.) ("the 2001 Action"). The Court dismissed the 2001 Action

as untimely under AEDPA.[1]

In the current action, petitioner challenges the state superior court's recent denial of his request for post-conviction DNA testing of evidence in his criminal case. Magistrate Judge Wilner reviewed the petition in the present action shortly after its filing. Judge Wilner directed petitioner to submit a supplemental statement as to why the action should not be dismissed because: (a) petitioner's action was potentially a second or successive petition prohibited under AEDPA; (b) the post-conviction DNA claim appeared to be unexhausted; and (c) petitioner failed to state a plausible constitutional claim. (Docket # 4.)

Petitioner submitted two statements. (Dockets # 6, 7.) In the statements, petitioner explained that he appealed the dismissal of the 2001 Action to the Ninth Circuit Court of Appeals and the United States Supreme Court. (Docket # 6 at 2.) He repeated his contention that the current case concerns the destruction of evidence and the fact that DNA testing was not available to him. (Docket # 7.) He did not, however, adequately explain whether he had properly presented the DNA claim to the California Supreme Court nor did he state whether he received permission from the Ninth Circuit Court of Appeals to file a successive petition.

\* \* \*

1. Under AEDPA, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. A habeas petition is second or successive – and subject to dismissal under 28 U.S.C. § 2244(b) – when the petition "raises claims that were or could have been adjudicated on the merits" in the first action. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition <u>before</u> the new petition may be filed in district court. 28

---

[1] Petitioner also filed a civil rights action that was recently dismissed for failure to state a claim. (CV 13-2025 UA (MRW)).

U.S.C. § 2244(b)(3).

Petitioner's statements demonstrate that he wishes to raise challenges to his original murder conviction that were or could have been raised in the 2001 Action. Consequently, the current petition appears to be successive. Petitioner has not obtained permission from the Ninth Circuit Court of Appeals to pursue the action, and it is subject to dismissal on this basis.

2. Furthermore, it is not apparent that petitioner presented his DNA claim to the state supreme court. Under AEDPA, state prisoners must present their claims to the state's highest court before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982). On habeas review, the court can only consider a claim that has been presented to the state courts to determine whether their decision of the claim was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable application of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(1), (2). Petitioner bears the burden of demonstrating that the claims have been presented to and decided by the state courts. Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972). Because it does not appear that petitioner raised his DNA testing claim in the state supreme court, federal habeas review is unavailable.

3. Finally, it does not appear that petitioner raised a constitutional issue cognizable on habeas review. The United States Supreme Court and the Ninth Circuit have recently explained that denial of a post-conviction request for DNA testing does not raise federal constitutional issues. See District Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 53, 71-72 (2009); Turner v. Dumanis, 415 Fed. Appx. 831, 832 (9th Cir. Feb. 24, 2011) (Unpub. Disp.) (same); Jackson v. Cooley, 348 Fed. Appx. 245, 246 (9th Cir. Oct. 7, 2009) (Unpub. Disp.) (same);. These decisions appear to foreclose the possibility that petitioner can present a plausible federal claim in this action.

* * *

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (a petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (a magistrate judge may submit proposed order for summary dismissal to the district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

From the face of the petition and in light of petitioner's subsequent filings, it is apparent that Petitioner is not entitled to pursue this federal habeas action. The action is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: June 18, 2013

_____
HON. MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE